Pbaesoít, C. J.
We concur with his Honor in the opinion, that no payment made prior to 1854, the date of the judgment now sued on, was admissible. That judgment concluded up to the time of its rendition, and the defendant lost the benefit of any payment previously made, under the rule “good matter must be pleaded in apt time, due form, and proper order.” Put, as we understand the case, the admissions of Dunlap, which the defendant offered to prove, had reference to a payment made after the judgment in 1854, and so, did not come within the principle. This is to be inferred from the connection in which the point is stated, and particularly from the fact that the plaintiff offered to allow Dunlap to be examined in regard to this alleged payment. Yiewed in this light, it was error to reject the evidence. The admissions of an agent, *375 while lie has the business in hand, are competent against the principal; a receipt is merely an admission reduced to writing.
Ilis Honor was of opinion that an officer who has held a judgment in hand for several years, so as to be liable to an action for a neglect of duty, is at liberty to pay the amount to the creditor, and, treating the matter as a purchase, have the debt collected for his own benefit. Whether it be not against public policy to allow an officer, who has taken judgment and has, or ought to have sued out an execution, to evade, in this manner, the effect of his neglect of duty, is a consideration into which we will not enter, and is alluded to simply to say we express no opinion in regard to it. Venire de novo.
Pee CuRiam, Judgment reversed.